## CHEEK ET AL. VS. CLAIBORNE.

It is no ground upon which to quash an execution on a delivery bond, that the name of the p'aintiff is once spelled wrong in the bond, when the true name appears in other parts of the bond.

A delivery bond conditioned for delivery of the property on the 8th day of November, without specifying the year, given to release property under an execution returnable to the November term, 1858, of the Circuit Court, must be taken as a bond to deliver the property on the 8th day of November, in the same year.

*Appeal from Crittenden Circuit Court.*

Hon. M. W. ALEXANDER, Circuit Judge.

GARLAND & RANDOLPH, for the appellants.

Mr. Justice FAIRCHILD delivered the opinion of the court.

This case presents a motion made by the Cheeks to quash an execution which Mary E. Claiborne had had issued against them on a delivery bond.

The first cause assigned in the motion is, that there is a variance between the amount of the original judgment, recited in the original execution, and the one issued on the delivery bond judgment; the judgment in the former, being stated to be $763, 30-100 debt, damages and costs, and in the latter $854,75-100.

There is no copy of the original execution in the transcript of this case, but the debt, damages and costs of the original judgment are recited in the execution asked to be quashed, that is, the execution upon the delivery bond, as debt $650, damages $96 50, costs $15 80, making the sum $763,30-100.

The second ground of the motion to quash is, that there is a variance between the judgment on the delivery bond, and the

execution issued on it; the judgment reciting that the original judgment was recovered at the April term, and the execution, that the recovery was at the May term.

By the judgment on the delivery bond, we suppose to be meant the delivery bond itself. That recites that the original execution was issued on a judgment obtained by Mary E. Claiborne against Elijah Cheek, George W. Cheek and others, at the April term, 1858, of the Circuit Court of Crittenden county; while the execution issued upon the delivery bond is, that the original judgment was recovered on the 12th of November, 1857. So, although there is a variance between the delivery bond and the execution on it, there is no such variance as is set forth in the motion.

The third reason for which the appellants wished the execution quashed, was, that the delivery bond did not state in what year the property was to be delivered, while the execution issued thereon, stated that the property was to be delivered on the 8th of November, 1858.

There is no date to the delivery bond, but the execution issued on it recites, that it was executed on the 13th of October, 1858; and the bond recites that the original execution was returnable at the next November term of the Circuit Court. The property by the bond was to be delivered on the 8th of November, 1858, because the delivery bond could not extend beyond the return day of the execution, which was the second day of the next November term of the Circuit Court after the time of the execution of the bond. There is then no variance between the delivery bond and the execution issued thereon, as to the time the property levied upon, and released by the bond, was to be delivered.

The 4th objection to the execution on the delivery bond is, that the bond is payable to Mary E. Caborne, and the execution is in favor of Mary E. Claiborne. In the delivery bond, the name of the plaintiff in the execution is once wrongfully written; but in all other places in it, she is rightly described as Mary E. Claiborne. The mistake in one writing of the name

25

was evidently a slip of the writer, and could not mislead any one, and there is no variance between the bond and the execution in the particular charged. None of the objections made by the Cheeks are sustainable ; they were properly overruled by the Circuit Court.

Judgment affirmed.